JEFFERSON H. FOXWORTHY AND OTHERS, PLAINTIFFS IN ERROR, V. THE LINCOLN & FREMONT RAILWAY CO., DEFENDANT IN ERROR.

**Election contest:** JURISDICTION OF COUNTY COURT. A county court has no jurisdiction of a contest of an election held within a city of the county on the question of voting aid to a work of internal improvement.

ERROR to the district court for Lancaster county, where the cause had been brought by appeal from the county court. The action was brought there to contest an election held in the city of Lincoln, on a proposition to vote bonds to the defendant company.

*J. R. Webster* and *J. A. Marshall*, for plaintiffs in error.

*Mason & Whedon*, for defendant in error.

COBB, J.

Section 9 of article VI of the constitution provides that "The district court shall have both chancery and common law jurisdiction" etc. Under this provision, if the legislature confers a right upon any citizen, or class, or subdivision of citizens, and provides no special tribunal for the enforcement of such right, the jurisdiction to enforce the same devolves upon the district court. The right to contest an election of the character of that mentioned in the petition in this action, is clearly given to the tax-payers of the city by the first clause of section 64 of chapter 26 C. S., p. 266, and if no special tribunal is provided for the enforcement of such right, then by force of the constitutional provision it devolves upon the district court. But little of construction is required to make sec. 70 of the act under consideration cover such cases. The language of the section is "The district courts of the re-

spective counties shall hear and determine contests of the election of county judges, and in regard to the removal of county seats, and in regard to any other subject which may by law be submitted to the vote of the people of the county," etc. It is objected that in the case at bar the question of voting aid to the Lincoln & Fremont Railway Company was not submitted to the vote of the people of Lancaster county, but only to part of them, to-wit, the people of the city of Lincoln. The people of a municipal corporation within the territorial limits of the county cannot be called the people of the county in the sense of a political body or organization, and yet I think that the legislature used the words "the vote of the people of the county," as the equivalent of the words "a popular election in the county."

On the other hand, I fail to find anything in the language of the 71st section to indicate an intention on the part of the legislature, to class contests of this character with those of "county, township, and precinct officers and officers of cities and corporated villages within the county" other than county judges. Certainly this class is confined to officers, to the exclusion of questions submitted to a vote of the whole or any portion of the people of the county.

County courts are courts of limited jurisdiction. Says the constitution, "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of, guardians and the settlement of their accounts, in all matters relating to apprentices; and such other jurisdiction as may be given by general law." The jurisdiction claimed for such courts in this case, then, not being a matter of probate, nor relating to the settlement of estates of deceased persons, appointment of guardians or the settlement of their accounts, nor a matter relating to apprentices, to be sustained, must be found expressed in a general statute.

Being cited to no such statute, and believing that there is none in force, we see no error in the judgment of the district court, and the same is affirmed.

JUDGMENT AFFIRMED.