## PEOPLE v. HAMILTON.

### No. 14,636; March 6, 1893.

### 32 Pac. 526.

**Officer—Failure to Pay Over to Successor—Indictment.**—Penal Code, section 950, provides that an information must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." Held, that an information, which alleged that defendant, "having theretofore" been a county clerk, and "charged with the receipt, safekeeping, transfer, and disbursement of public moneys, in his official capacity as such clerk and officer, and his official term . . . . having expired, . . . . and there then and there remaining in his hands certain public moneys theretofore received by him in his official capacity as such clerk," he willfully omitted to pay them over to his successor, the demand therefor "having then and there been made of" defendant by his successor, sufficiently charged that defendant, as county clerk, received money as such officer, and failed to pay it over to his successor; and

the use of the participle instead of the past tense of the verb did not make the allegations mere recitals.[1]

**Officer—Failure to Pay Over to Successor—Indictment.**—Penal Code, section 426, declares that the phrase "public moneys" includes all money received or held by county officers in their official capacity. Held, that an allegation that moneys were received by defendant "in his official capacity" was the allegation of a fact which fixed their character as "public moneys."

**Officer—Failure to Pay Over to Successor—Indictment.**—The allegation that defendant received the money in his official capacity was sufficient, without referring to the statute under which the information was drawn, or to any statute which created a duty, the antecedent existence of which constituted a factor connected with the offense; the general conclusion of the information, "contra formam statuti," being sufficient.

APPEAL from Superior Court, San Diego County; W. L. Pierce, Judge.

M. D. Hamilton was convicted of omitting and refusing to pay over to his successor in office moneys received by him as county clerk. From an order arresting the judgment, the people appeal. Reversed.

Wm. H. H. Hart, attorney general, for the people; Johnstone Jones, district attorney, E. W. Hendricks and Copeland & Daney for respondent.

HAYNES, C.—The respondent was tried and found guilty of omitting and refusing to pay over to his successor in office moneys received by him as county clerk. On the day fixed

---

[1] Cited and qualifiedly approved in People v. Hatch, 13 Cal. App. 530, 109 Pac. 1101, where it is said: "That the use of the participial form in alleging facts necessary to the statement of an offense is not to be commended we do not doubt, but it is sufficient in the face of a general demurrer, under the liberal system of pleading allowed in this state."

Cited and approved in Agar v. State (Ind.), 94 N. E. 821, where the court goes into the question elaborately, adducing many authorities, and makes the true test of sufficiency to be whether the material averments are stated with enough certainty to apprise the defendant of the nature and cause of the charge against him.

Cited, as an element in the history of the case, in People v. Hamilton, 103 Cal. 495, 37 Pac. 630, which was an appeal from the judgment upon retrial had after the former appeal.

for passing sentence, the defendant moved for a new trial, and also in arrest of judgment. The motion for a new trial was heard, but not disposed of, and the court granted an order arresting the judgment; and from this order the people appeal.

The information was drawn under subdivision 10 of section 424 of the Penal Code, which provides: ''Each officer of this state or of any county, . . . . and every other person charged with the receipt, safekeeping, transfer, or disbursement of public moneys, who willfully omits or refuses to pay over to any officer or person authorized by law to receive the same any money received by him under any duty imposed by law to pay over the same, is punishable,'' etc. The information, omitting the title and conclusion, is as follows: ''M. D. Hamilton is accused by the district attorney of the said county, by this information, of the crime of omitting and refusing to pay over money received by him under duty imposed by law to pay over the same. Committed as follows: The said M. D. Hamilton, on the fifth day of January, A. D. 1891, at the said county of San Diego, and before the filing of this information, having theretofore, for the two years immediately preceding, been an officer of said county, to wit, the clerk of the county of San Diego, and an officer charged with the receipt, safekeeping, transfer, and disbursement of public moneys in his official capacity as such clerk and officer, and his official term as such clerk and officer having expired by limitation of law, and there then and there remaining in his hands certain public moneys theretofore received by him in his official capacity, as such clerk, during the said official term as aforesaid, the sum of four thousand four hundred and twenty-two and thirty-six one-hundredths dollars, money of the United States of America, and it being his duty imposed by law to transfer and pay over to his successor in office in the office of county clerk of said county, one W. M. Gassaway, he, the said M. D. Hamilton, did willfully, unlawfully, fraudulently, and feloniously omit and refuse, neglect, and fail to pay over the said sum of money to the said W. M. Gassaway, he, the said Gassaway, being then and there the clerk of said county as aforesaid, and being the officer and person authorized by law to demand and receive the same as the successor in the office of said county clerk

to said M. D. Hamilton; the demand for the transfer and payment of the said sum of money having then and there been made of the said M. D. Hamilton by the said W. M. Gassaway, clerk of said county and successor in the said office as aforesaid; the said omitting and refusing, neglecting, and failing to transfer and pay over the said money and moneys being contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the people of the state of California.''

The ground relied upon by the defendant, and upon which the court arrested the judgment, is that the information does not substantially conform to the requirements of sections 950–952 of the Penal Code. It is contended that the information is not ''direct and certain, as it regards the party charged, the offense charged, and the particular circumstances of the offense charged''; this being, it is argued, one of the cases where the particular circumstances of the offense must be set forth by allegations that are direct and certain. The points urged are that there is no definite or certain allegation that the defendant was county clerk during the time named, nor that moneys remained in his hands, nor that the moneys were public moneys; that these matters are not allegations of fact, but mere recitals.

It may be conceded that the mode adopted by the pleader in stating these facts is not the best that could have been devised, but that is not required by the code, nor is there any standard by which the degree of certainty in criminal pleading is to be measured, save that provided by the code. Section 950 of the Penal Code provides that the information must contain: ''(2) A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.'' We think that no one of common understanding could fail to know what was intended by the language used, and, besides, it would seem to be the natural and ordinary mode of expressing the fact intended. No better illustration of this can be given than that furnished by the learned counsel for respondent in the opening sentence of their brief, in giving a statement of the case for the information of this court. It is as follows: ''The respondent having been the county clerk of the county of San Diego, and

his term of office having expired, and he having failed to turn over certain moneys,'' etc. Besides, the fact that he was clerk of the county, and had received money which it was his duty to turn over to his successor, was not an offense, nor any part of the offense. The offense consisted of the omission or refusal to turn it over to his successor; and though without the pre-existence of the fact that he was such clerk, and had received such money, he could not commit the offense, such pre-existing facts are matters of inducement, which, though required to be distinctly stated, need not be charged with the directness of the specific act which converts the innocent person into a criminal one.

The objections to the information upon which the learned judge sustained the motion in arrest of judgment were that the facts that the defendant was an officer and had received and had in his hands the moneys mentioned were not positively alleged, but were merely recitals, and that the statement that the money so in his hands were ''public moneys'' was a conclusion of law. The first of these objections seems to have been based upon the use of the past participle instead of the past tense of the verb. Bishop on Criminal Procedure (volume 1, section 556) says: ''Where the direct averment is required, as in laying the main charge, it is usually made with the verb. But any other part of speech which reasonably conveys the idea is adequate, as the participle, and even the adverb.'' An illustration given by the same author is, in substance, as follows: Lawley, being found guilty of attempting to persuade one not to appear as a witness against Crooke, moved in arrest of judgment because it was not positively averred that Crooke was indicted. It was only said that ''she, knowing that Crooke had been indicted, and was to be tried,'' did so and so; but the court held that it was sufficient. So, in an indictment, under an English statute which made punishable anyone ''above the age of fourteen'' who should steal an heiress, charging that the defendant, ''being above the age of fourteen years,'' did the act, was held to contain a sufficient averment of his age: Id., sec. 557. The code requirement clearly permits, if it does not enjoin, the use of ''ordinary'' language in charging offenses; and the test of the sufficiency is that a person of common understanding shall be enabled to know what is intended. If, therefore, criminal

pleading must be framed in the technical language which formerly prevailed, these code provisions are vain and useless; for it would require us to resort to the same technical system of pleading abolished or rendered unnecessary by the code, in order to determine whether a fact is so alleged as to enable "a person of common understanding to know what is intended." We think it is sufficiently charged that the defendant was county clerk during the time named; that he received the money specified as such officer, and failed to pay it over to his successor.

It was further held by the learned judge that the allegation that there was remaining in his hands certain public moneys theretofore received by him in his official capacity is a conclusion of law; that the facts should have been stated which would show that they were in fact public moneys.

The fact is clearly alleged that these moneys were received by the defendant "in his official capacity." Section 426 of the Penal Code is as follows: "The phrase 'public moneys,' as used in the two preceding sections, includes all bonds and evidences of indebtedness, and all moneys, belonging to the state, or any city, county, or town, or district therein, and all moneys, bonds, and evidences of indebtedness, received or held by state, county, district, city, or town officers, in their official capacity." The allegation that these moneys were received by the defendant "in his official capacity" is the allegation of a fact which conclusively fixes their character as "public moneys." It is the official character in which the moneys are received, and not the ultimate ownership of the money, which, under the last clause of the section, makes them public moneys. The words "public moneys" might have been omitted without affecting the sufficiency of the information; but there is no inconsistency in the averment, since the kind or character of the public moneys charged to have been withheld is defined by the accompanying statement. At the most, it was surplusage, which does not vitiate. Nor could there be any difficulty in pleading an acquittal or conviction under this information in bar of a subsequent prosecution. The defendant is charged with all moneys remaining in his hands, which were received by him as clerk during his incumbency of that office. The offense is single, whether the amount be great or small; and a conviction or acquittal of that single offense

must, of necessity, bar a second prosecution, even though it be afterward ascertained that the amount in his hands was larger than that alleged in the first information.

Respondent further contends that, if the facts hereinbefore referred to were sufficiently pleaded, still the information does not state sufficient facts, because there was no law authorizing the clerk to receive deposits from litigants, and that, therefore, deposits received by him were illegally collected, and belonged to the depositors. But this question is not before us. This appeal involves only the sufficiency of the information, and the jurisdiction of the court, while this contention assumes facts which may have been given in evidence, but which could not properly be considered upon this appeal, if they were. The allegation that defendant received these moneys in his official capacity was sufficient, without referring, by title or otherwise, either to the statute under which the information was drawn, or to any statute which created a right, duty, or obligation, the antecedent existence of which may constitute a factor more or less intimately connected with the offense. As to all these, the general conclusion of the information, "contra formam statuti," is sufficient. We therefore conclude that the information is sufficient, and that the court below erred in arresting the judgment, and advise that the order arresting the judgment in said cause be reversed, and the court be directed to vacate its order directing the district attorney to prepare and file a new information in said cause, and to take such further proceedings therein as the law requires.

We concur: Belcher, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the order arresting the judgment is reversed and the court below is directed to vacate its order directing the district attorney to prepare and file a new information in said cause and to take such further proceedings therein as the law requires.