[18031. Department Two.— May 4, 1893.]

# THE PEOPLE, RESPONDENT, v. THE SELMA IRRIGATION DISTRICT, APPELLANT.

IRRIGATION DISTRICT— PUBLIC CORPORATION— DISSOLUTION— POWER OF COURTS. —An irrigation district, organized under the act of March 7, 1887 (Stats. 1887, p. 29), is a public corporation, and cannot be dissolved for misuser or non-user of its corporate powers, in the absence of a law expressly conferring power upon the courts to pass a judicial sentence dissolving such corporation upon those grounds.

ID. — FORFEITURE OF CHARTER— MUNICIPAL CORPORATIONS— LEGISLATIVE CONTROL. —The doctrine of forfeiture of charter has no application to municipal or other public corporations, which exist only by legislative action, and cannot be dissolved or cease to exist except by legislative consent or pursuant to legislative provision.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*Attorney-General W. H. H. Hart, J. B. Campbell,* and *C. C. Merriam,* for Appellants.

Irrigation districts are not municipal corporations, but are merely *quasi* public corporations. (*Elmore* v. *Drainage Com.,* 135 Ill. 269; 25 Am. St. Rep. 363; *Turlock Irrigation District* v. *Williams,* 76 Cal. 360; *Central Irrigation District* v. *De Lappe,* 79 Cal. 351; *Crall* v. *Poso Irrigation District,* 87 Cal. 140; *In re Madera Irrigation District,* 92 Cal. 296; Deering's Pol. Code, sec. 4356, and act classifying municipal corporations, approved March 3, 1883, printed under section 4356, and note. See Dillon on Municipal Corporations, secs. 22–26.) The late decisions have classified irrigation districts with reclamation districts. Reclamation districts are not municipal corporations. (Pol. Code, secs. 4452, 4457.) They are classed as *quasi* public, along with railroad, turnpike, and canal companies. (1 Lawson's Rights, Remedies, and Practice, sec. 332; 7 Lawson's Rights, Remedies, and Practice, sec. 3920; *Miner's Ditch Co.* v. *Zellerbach,* 37 Cal. 543; 99 Am. Dec. 300.) School districts and other *quasi* public corporations are not municipal corporations. (*Freeland* v. *Stillman,* 30 Pac. Rep. (Kan.) 235; *Beach* v. *Leahy,* 11 Kan. 23; *Eaton* v. *Manitowoc Co.,* 44 Wis. 489.) It was within the jurisdiction of the court to dissolve the corporation for non-user or abuse of its franchise. (See Cooley's Constitutional Limitations, 304; *People* v. *Railroad Co.,* 30 Am. Dec. 48, note; 7 Lawson's Rights, Remedies, and Practice, sec. 4039; *Dodge* v. *People,* 113 Ill. 491; *People* v. *Oakland,* 92 Cal. 611; Endlich's Interpretation of Statutes, secs. 5, 17.)

*C. C. Wright,* for Respondent.

The courts have no power to dissolve a municipal or public corporation. (Dillon on Municipal Corporations, secs. 39, 45, 53, 54, 165–168; 15 Am. & Eng. Encycl. of Law, 1198, subd. 28, and cases cited; *Mobile* v. *Watson,* 116 U. S. 289; *Meriwether* v. *Garrett,* 102 U. S. 472, 511.)

DE HAVEN, J. — The defendant, the Selma Irrigation District, is a corporation organized under an act of the legislature of this state entitled "An act to provide for the organization and government of irrigation districts, and to provide for the acquisition of water and other property," etc., approved March 7, 1887 (Stats. 1887, p. 29), and this action is brought by the people of the state to obtain a judgment dissolving said corporation and excluding it from all corporate rights and franchises. The complaint alleges that since the organization of the Selma Irrigation District as a corporation, three elections have been held in the district in accordance with the provisions of the law under which it was created, for the purpose of determining whether bonds should be issued to construct necessary irrigation canals, at each of which elections a majority of the votes cast was against the issuance of bonds. It is further alleged that said corporation did not commence the transaction of its business or the construction of its works within one year from the date of its incorporation and never has done so; but, on the contrary, has wilfully failed and omitted to use the rights, privileges, powers, and franchises for which it was organized, and that notwithstanding the failure of residents within such district to vote for the issuance of bonds, and the failure of said corporation to commence the construction of irrigation works, the salaries of the officers of such corporation and other employees still continue, and that "the money to pay such salaries and compensation has been and is being raised by assessment and levy upon the lands in said district." The superior court sustained a demurrer to this complaint and thereupon gave judgment for the defendant, and the plaintiffs appeal.

1. The demurrer was properly sustained. The defendant is a public corporation, organized under a general law of the state enacted by the legislature for the purpose of promoting the general welfare. (*Turlock Irrigation District* v. *Williams,* 76 Cal. 360; *Central Irrigation District* v. *De Lappe,* 79 Cal. 351; *Crall* v. *Poso Irrigation District,* 87 Cal. 140; *People* v. *Turnbull,* 93 Cal. 630; *In re Madera Irrigation District,* 92 Cal. 296.) In the latter case this court fully considered the nature of corporations like the defendant, and we there said: "That an irrigation district organized under the act in question becomes a public

corporation is evident from an examination of the mode of its organization, the purpose for which it is organized, and the powers conferred upon it. It can be organized only at the instance of the board of supervisors of the county, the legislative body of one of the constitutional subdivisions of the state; its organization can be effected only upon the vote of the qualified electors within its boundaries; its officers are chosen under the sanction and with the formalities required at all public elections in the state . . . . and the officers when elected being required to execute official bonds to the state of California, approved by a judge of the superior court. . . . . The property held by the corporation is in trust for the public and subject to the control of the state. Its officers are public officers, chosen by the electors of the district and invested with public duties. Its object is evidently the good of the public, and to promote the prosperity and welfare of the public." While it is true that irrigation districts do not possess all the municipal powers conferred upon cities and towns, still, under the law of their creation, they are vested only with public duties and are mere agencies or auxiliaries of the state in the discharge of its sovereign power and duty of providing for the common welfare; and we see no reason why the general power of the courts to decree a dissolution of such corporations should be any greater than that which they possess in relation to municipal corporations proper; and in relation to the latter Judge Dillon, in his work on Municipal Corporations, says: "The doctrine of a forfeiture of the right to be a corporation has also, it is believed by the author, no just or proper application to our municipal corporations. . . . . In short, unless otherwise specially provided by the legislature, the nature and constitution of our municipal corporations, as well as the purposes they are created to subserve, are such that they can in the author's judgment only be dissolved by the legislature, or pursuant to legislative enactment. They may become inert or dormant, or their functions may be suspended for want of officers or of inhabitants, but dissolved, when created by an act of the legislature and once in existence, they cannot be by reason of any default or abuse of the powers conferred either on the part of the officers or inhabitants of the incorporated place. As they can exist only by legislative sanction, so

they cannot be dissolved or cease to exist except by legislative consent or pursuant to legislative provision." (Dillon on Municipal Corporations, 4th ed., sec. 168. See also upon this point *Welch* v. *St. Genevieve,* 1 Dillon Cir. Ct. 130.) The law under which the defendant was created makes no provision for a judicial sentence dissolving a corporation formed thereunder because of a misuse of its franchise or for a failure to accomplish the purpose of its organization, nor has our attention been called to any statute authorizing such a decree; and, as in the absence of a law specially conferring it, the courts are without power to dissolve a public corporation for a misuser or a non-user of corporate powers, this action cannot be maintained.

Judgment affirmed.

FITZGERALD, J., and MCFARLAND, J., concurred.

Hearing in Bank denied.