(June 13, 1903.)

HERTLE v. BALL.

[72 Pac. 953.]

IRRIGATION DISTRICT OFFICERS—CONTEST—WHAT COURT HAS JURISDIC-
TION.—Where an election has been held as provided by law for the
election of district officers for the irrigation district, a contest may
be had involving the right of the person to whom the certificate is
issued to hold such office. Jurisdiction to try and determine such
question is lodged in the district courts of the state.

(Syllabus by the court.)

ACTION involving the right of respondent to hold the office of director of a division of an irrigating district. Judgment for defendant. Plaintiff appeals. Judgment reversed. Honorable George H. Stewart, Judge.

The facts are fully stated in the opinion.

Rice & Thompson, for Appellants.

Section 1 of the general election law, Fifth Session Laws, page 33, is as follows: "Section 1. That the provisions hereinafter enacted shall regulate and govern all elections hereafter holden in the state of Idaho for the election of all officers provided for by the constitution and the laws of the state of Idaho, at either general or special elections, except school district elections." Section 119 of said law is as follows: "The election of any person to any public office . . . . may be contested," for the reasons therein stated. Sections 122, 123 and 124 provide the bodies before which all contests of elections regarding members of the legislature, all officers of the executive department of the state government, judges of the supreme

court, judges of the district courts and district attorneys. It will be observed that none of these are county officers, or officers of any of the subdivisions mentioned in section 126, which is as follows: "Section 126. The district courts shall hear and determine contests of all other county, township and precinct officers, and officers of the cities and incorporated villages within the county." It certainly appears from the terms of the statute that it was the intention of the legislature to enact a general law providing for the contesting of all public officers. If no section of the statute has specifically named a court, granting such court jurisdiction in this specific case, and the statutes provide a method for contesting the election of such officers, there would be an implied jurisdiction for the reason that it is a well-established principle of law that jurisdiction can be created by implication where the implication is necessary from the language and purpose of the statute. When the provisions of the statute or constitution confess general jurisdiction upon certain courts and the method for contesting the election of an officer having been provided by statute and no court having been granted exclusive jurisdiction, the courts of general jurisdiction have jurisdiction inherently. (*Payne v. Rittmen,* 66 Ark. 201, 49 S. W. 814; *Baker v. Mitchell,* 105 Tenn. 610, 59 S. W. 137; *Foxworth v. Lincoln etc. Ry. Co.,* 13 Neb. 398, 14 N. W. 394; Sutherland on Statutory Construction, sec. 237.) Where a section of the general election law provides that the law shall govern all elections and provision is made for election contests, the section carries with it the right to contest any election. And the mere fact that omission is made of some of the minor details for conducting such contests will not prevent the court from acquiring jurisdiction. (*Truelson v. City of Duluth,* 60 Minn. 132, 61 N. W. 911; *State v. Stewart,* 26 Ohio St. 216.)

W. E. Borah, for Respondent.

We do not wish to be understood as saying that matters of election may not be brought into the courts by *quo warranto* or even by actions of equity as in bond elections where there has been fraud, etc., but this we do say, that the right of an

individual to contest an election is purely statutory, and unless specifically provided for, such contest cannot be had. "The question of jurisdiction of statutory election contests is altogether a matter of statutory regulation." (7 Ency. of Pl. & Pr. 378; 1 McCrary on Elections, sec. 307; *Snibley v. Palmtag,* 128 Cal. 283, 60 Pac. 860; *Dorsey v. Barry,* 24 Cal. 449; *Casgrave v. Howland,* 24 Cal. 457.) Where no provision has been made for contesting elections, the result as certified by those holding the election must determine the issue. (*Clark v. Rogers,* 81 Ky. 43.) It has been held that where the statute makes no provision for a contest in a county seat matter, and as the general law only applied to contests in the election of officers, there can be no contest as to the county seat matter. (*Clarke v. Jack,* 60 Ala. 271; *Savage v. Wolfe,* 69 Ala. 659.) In the absence of statutory authorization courts are without jurisdiction to entertain cases of contested election. (*State v. Dortch,* 41 La. Ann. 846, 6 South. 777; *State v. Dillon,* 87 Mo. 487.) In a Kentucky statute relating to the taxation of railroads which provides: "That they should be taxed for the purposes of each county seat, town or precinct," it was held that the word "precinct" could not be construed as meaning a school district. (*Louisville etc. Ry. Co. v. Johnson,* 11 Ky. Law Rep. 118, 11 S. W. 666.) It has been held that illegal voting in a village election was not punishable under a law prohibiting illegal voting at a precinct. (*State v. Chichester,* 31 Neb. 327, 47 N. W. 694.) It has been held also that the term "precinct" does not mean an organized municipal corporation. (*Union Pac. Ry. Co. v. Ryan,* 2 Wyo. 408.)

STOCKSLAGER, J.—The Pioneer Irrigation District is a regularly organized irrigation district of the state, and contains territory in both Canyon and Ada counties. On the thirteenth day of January, 1903, an election was held in said district for the election of officers in accordance with the provisions of said law. This action is brought by the plaintiff for the purpose of contesting the election of defendant as a director at said election. To the complaint the defendant interposed a demurrer by which he called in question the jurisdiction of the district court to hear and determine the contest.

The demurrer was sustained, and a judgment of dismissal duly entered. This statement of facts is taken from appellants' brief, and as it seems to be a fair statement as shown by the record, we adopt it as our statement.

The complaint alleges in paragraph 1 the names of the plaintiffs, the existence of the Pioneer Irrigation District, that they are each duly qualified electors of said district, and of division No. 3 thereof; that each had been a qualified elector for more than one year prior to January 13, 1903, and in division No. 3 thereof. Second paragraph alleges that on the thirteenth day of January, 1903, an election was duly held according to law in said district and the various divisions thereof. That at said time an election was held in the third division of said district for the election of one director for the term of two years from the first Tuesday in February, 1903. Third paragraph: That at said election defendant was a candidate for the office of director of said division of said district, and Thomas A. Hertle, one of the plaintiffs, was also a candidate for said office, and both of said candidates were voted for at said election. Fourth paragraph: That on the nineteenth day of January, 1903, at Caldwell, Idaho, at its usual place of meeting, the board of directors of said Pioneer Irrigation District met to canvass the returns of said election according to law, and the said board then and there proceeded to open the returns of the various precincts of said district to canvass the votes and estimate the vote of the district for each person voted for; and among other things done by said board at said meeting, the said board of directors declared that the said Samuel L. Ball had received fifteen votes for director of said Pioneer Irrigation District from the said division No. 3 thereof, and that said Thomas A. Hertle had received ten votes, and that said Samuel L. Ball had been duly elected a director of said district from division No. 3.

The fifth paragraph alleges that the secretary of said district thereupon entered on the records of said board a statement of such result and made out and delivered to said Ball a certificate of election signed by him authenticated with the seal of said board.

The sixth paragraph alleges that said Samuel L. Ball, defendant and contestee, did not, as plaintiffs are informed and believe and therefore allege, receive fifteen votes of the legal voters of said division No. 3, or the Pioneer Irrigation District, but received four votes only of the votes cast by the legal voters of said district and said division, and that Thomas A. Hertle received ten votes of the legal voters of said district and said division.

The seventh paragraph sets out the names of eleven persons alleged to have been allowed to cast their ballots at such election, and that neither of them were qualified electors. On information and belief allege that each of said persons voted for Samuel L. Ball, and that such votes were counted and made a part of the returns, were canvassed and declared as being cast for defendant.

The eighth paragraph alleges that defendant, on or about the tenth day of January, 1903, caused to be deeded and conveyed to the persons named in this paragraph, by the Caldwell Land Company, lot 18, block 134 as designated by the plat of the said town of Caldwell, without consideration and for no other purpose than to qualify said persons to vote at said election, etc. The names of the parties given are R. P. Smith, A. H. Boyd, A. C. Bradley, G. W. Boyd, John Fuss, Albert Clark, Jake Reeser, Wm. J. Marsh and Wm. C. Bader. Further alleges that all of said parties did vote at said election for defendant with the exception of G. W. Boyd.

The ninth paragraph alleges that plaintiff was on the thirteenth day of January, 1903, and for more than one year prior thereto had been, a freeholder in said division No. 3, and a resident of said Pioneer Irrigation District and an elector thereof. Then follows prayer that defendant be adjudged not entitled to hold the office of director of said Pioneer Irrigation District from and after the first Monday of February, 1903, and not entitled to hold the certificate of election held by him. That said Thomas A. Hertle is entitled to hold said office, that he was duly and regularly elected thereto and is entitled to a certificate of election thereto.

To this complaint a demurrer was interposed as follows: 1. That said complaint does not state facts sufficient to constitute a cause of action against this defendant; 2. That said complaint does not state facts upon which to base a contest of election where the election is one concerning the election of directors of an irrigation district; 3. That the plaintiffs have no legal capacity to bring this action; 4. That the court has no jurisdiction of the subject matter of the action; 5. That the court is wholly without jurisdiction to hear and determine the election contest sought to be set forth in the complaint.

This demurrer was argued and submitted to the court. Thereafter an order was made sustaining the demurrer and judgment for respondent against the appellants for his costs was awarded and entered. From this order the appeal is taken.

This action involves the constitutionality of the election laws of the fifth session of 1899.

Section 1 provides "That the provisions hereinafter enacted shall regulate and govern all elections hereafter holden in the state of Idaho for the election of all officers provided for by the constitution and the laws of the state of Idaho at either general or special elections, except school district elections." Section 119 says: "The election of any person to any public office, the location or relocation of a county seat, or any proposition submitted to a vote of the people may be contested."

Construing these two sections together it would seem that it was the intention of the legislature to provide the means for contesting the election of anyone claiming office by reason of any election, either general or special, held in the state, *except school district elections*. It does not seem that the language of section 119 is susceptible of but one construction. "The election of any person to any public office" includes all public officers provided for by the constitution and laws of the state at the time of the passage of the act, and it necessarily follows that all public officers created by law after the passage of the act come within the same rule.

Section 135 of the election law says: "The election of any person declared elected to any office other than executive, state officers and members of the legislature, may be contested by any

elector of the state, judicial, district, county, township, precinct, city or incorporated village in and for which the person is declared elected."

In the irrigation district law, section 5, Fifth Session Laws, page 412, we find the following provision: "The registrars appointed under the provisions of this act shall be governed in the performance of their duties by the general election law of the state as far as they are applicable."

Section 7, page 413, same act, says: "Voting may commence as soon as the polls are open and may continue during all the time the polls remain open, and shall be conducted as nearly as practicable in accordance with the provisions of the act, covering elections and electors."

It is evident from the reading of these two sections that the legislature intended to provide all necessary means to insure an honest and fair election of the officers of irrigation districts. It provides that a notice of the time and place of the election shall be posted at least thirty days prior to such election; also that "The registrars shall be at their places of registration from 9 o'clock A. M. to 9 o'clock P. M. on each of the three Saturdays next preceding the date of election."

By reading the entire law governing the election of officers of an irrigation district it is noticeable that the same care and safeguards are thrown around the proceedings as are found in the general election law of our state.

Are directors of an irrigation district public officers within the meaning of section 119, *supra?* In *Re Madera Irr. Dist.,* 92 Cal. 296, 27 Am. St. Rep. 106, 28 Pac. 271, 14 L. R. A. 755, it is said: "An irrigation district organized under the Wright act becomes a public corporation and its officers become public officers of the state." This quotation is from the syllabus and the opinion supports it.

In *People v. Selma Irr. Dist.,* 98 Cal. 206, 32 Pac. 1047, Mr. Justice De Haven, speaking for the court with reference to the officers of an irrigation district, says: "Its officers are public officers chosen by the electors of the district and invested with public duties."

A number of authorities are cited by counsel for respondent in support of his contention that the right of an individual to contest an election is purely statutory, and, unless specifically provided for, such contest cannot be had. We are in full harmony with this line of authorities, but we think the sections of our election law cited amply and fully provides for a contest of the position of any public officer.

It is true the statute does not in so many words provide for the contest of the position of director of an irrigation district, but it must be borne in mind that this office was created by the legislature after the election law was enacted; yet, as we construe section 119 of the election law, it is broad enough in its terms to include contests of this character. Then we have section 135 of the election law, which provides that "The election of any person declared elected to any office other than executive, state officers and members of the legislature, may be contested by an elector of the state, judicial district, county, township, precinct, city or incorporated village in and for which the person is declared elected."

This brings us to a consideration of the only remaining question before us: Has the district court jurisdiction to hear and determine the question sought to be raised by the complaint? Sections 122, 123, 124 and 125 of the election law provide how certain contests shall be disposed of and the tribunals wherein they shall be heard. Section 126 of same act provides that "the district court shall hear and determine contests of all other county, township and precinct officers and officers of the cities and incorporated villages within the county." In *Baker v. Mitchell,* 105 Tenn. 610, 59 S. W. 137, the syllabus says: "A contest over the election of a mayor not being a 'cause' within act of 1877 and 1897, enlarging the jurisdiction of the chancery court, jurisdiction thereof is in the circuit court in the absence of express provision conferring it on any other tribunal giving the circuit court jurisdiction in all causes when jurisdiction is not conferred on another tribunal." (*Foxworthy v. Lincoln etc. Ry. Co.,* 13 Neb. 398, 14 N. W. 394.)

Mr. Justice Cobb, speaking for the court, says: "Section 9, article 6 of the constitution provides that the district court

shall have both chancery and common-law jurisdiction, etc. Under the provision, if the legislature confers a right upon any citizen or class or subdivision of citizens, and provides no special tribunal for the enforcement of such right, the jurisdiction to enforce the same devolves upon the district court. The right to contest an election of the character of that mentioned in the petition in this action is clearly given to the taxpayers of the city by the first clause of section 64 and 26 Compiled Statutes, page 266, and if no special tribunal is provided for the enforcement of such rights, then by force of the constitutional provision, it devolves upon the district court."

*State v. Stuart,* 26 Ohio St. 216: The syllabus in this case says: "When the general election law enumerates the county officers to be elected at the time it was passed, and by like enumerations gives to each of them the right of contest by appeal to the court of common pleas, in which enumeration the office of infirmary director does not appear, and a statute afterward passed created a board of infirmary directors for each county, who shall be chosen by the qualified electors thereof at the general election, held that all the provisions of the general law regulating the election of county officers—including the right of contesting the election by appeal—became and are applicable to the election of infirmary directors." As to the duty of courts in construing statutory provisions, see section 237 of Sutherland on Statutory Construction. See, also, sections 240, 241, same author.

Counsel for respondent cites *Dorsey v. Barry,* 24 Cal. 449, also *Casgrave v. Howland,* 24 Cal. 457, in support of his contention that the right of an individual to contest an election is purely statutory, and unless specifically provided for such contest cannot be had.

Chief Justice Sanderson, expressing the views of the court in *Casgrave v. Howland,* interprets *Dorsey v. Barry* in the following language: "We hold that the proceedings authorized by article 6 of the act to regulate elections are special and summary, and that no remedy can be had, under the provisions of that article, except such as is therein expressly or by necessary implication provided."

These two authorities correctly state the law as we understand it. We think by necessary implication the jurisdiction to hear and determine the case is in the district court.

We have carefully examined all the authorities called to our attention by learned counsel for respondents, but a review of them does not convince us that the provisions of our statute do not fix the jurisdiction to hear and determine this case in the district court. We think that court has jurisdiction and the demurrer should have been overruled.

Judgment reversed and cause remanded for further proceedings in harmony with the views herein expressed. Costs to appellants.

Sullivan, C. J., and Ailshie, J., concur.