(June 26, 1913.)

## LITTLE WILLOW IRRIGATION DISTRICT, Respondent, v. R. E. HAYNES, Appellant.

[133 Pac. 905.]

CONFIRMATION OF BOND ISSUE—NOTICE OF CONFIRMATION—SUFFICIENCY OF NOTICE.

1. Under the provisions of secs. 2401 and 2402, Rev. Codes, a notice of hearing on petition for the approval and confirmation of a bond issue of an irrigation district need not describe the lands within the district, but it is sufficient where it recites that "Notice is hereby given that the petition of the board of directors of the Little Willow Irrigation District has been filed, praying that the proceedings for the issuing of bonds of the district be examined, approved and confirmed," and the notice states the time and place for the hearing, and states that "The prayer of said petition is that each and all of the proceedings taken for the authorization of the bonds of said district may be examined, approved and confirmed by this court."

2. When an irrigation district is duly and regularly organized under the laws of this state and becomes a *quasi*-municipal or public corporation, from that time henceforward all persons owning lands within the district and subject to the jurisdiction thereof have notice that such lands are within the jurisdiction and taxing power of the district, and a notice for the confirmation of the bonds of the district is notice to every property owner within the district that all property therein is affected thereby, and the naming of the district by its corporate name is sufficient description and notice that all the property in the district will be affected by the proceeding.

APPEAL from the District Court of the Seventh Judicial District for Canyon County.   Hon. Ed. L. Bryan, Judge.

Action for confirmation of bond issues of an irrigation district.   Judgment for plaintiff.   Defendant, a property owner, appealed.   *Affirmed.*

R. E. Haynes, *pro se,* as Appellant, cites no authorities.

Thompson & Buckner, for Respondent.

An irrigation district organized under the irrigation laws of this state is a public corporation. (*Hertle v. Hall,* 9 Ida. 193, 72 Pac. 953; *Pioneer Irr. Dist. v. Walker,* 20 Ida. 605, 119 Pac. 304.) As such public corporation, the name given to such an irrigation district by the board of county commissioners and the designation of the lands which are embraced in said district and the recording of a certified copy of said order, that notice that a petition has been filed affecting said district, naming it, is sufficient notice to give the land owners of said district that their lands are affected by the filing of a petition.

The one point raised by the appellant in this case is decided by the supreme court of California in the case of *Fogg v. Perris Irr. Dist.,* 154 Cal. 209, 97 Pac. 316.

W. C. Bicknell, of Counsel.

AILSHIE, C. J.—This is an appeal from an order of the district court, approving and confirming the proceedings of the Little Willow Irrigation District, for the issuance of the bonds of the district in the amount of $165,000. The proceeding was had under secs. 2401 and 2402, Rev. Codes.

Only one question is presented on this appeal. It is urged by appellant that the notice of the hearing given by the clerk under the order of the court did not sufficiently describe the lands within the Little Willow Irrigation District. The essential part of the notice given is as follows:

"Notice is hereby given that the petition of the Board of Directors of the Little Willow Irrigation District has been filed, praying that the proceedings for the issuing of bonds of the district be examined, approved and confirmed in the above-entitled court, and that the hearing of said petition has been set for the 10th day of May, 1913, at nine o'clock A. M., of said day, in the court room of this court, at the Court House in Caldwell, Canyon county, State of Idaho.

"The prayer. of said petition is that each and all of the proceedings taken for the authorization of the bonds of said

district may be examined, approved and confirmed by this court.

"Any person interested in the subject matter of the petition may, on or before the day fixed for the hearing thereof, demur to or answer said petition."

It will be observed that this notice stated that the hearing was to be upon an application or petition "praying that the proceedings for the issuing of bonds of the district be examined, approved and confirmed." The name of the district is given as "The Little Willow Irrigation District." Proceedings had already been taken creating and organizing the district, and under the law of this state an irrigation district, when once created in accordance with the statute, becomes a *quasi*-municipal or public corporation. (*Hertle v. Ball,* 9 Ida. 193, 72 Pac. 953; *City of Nampa v. Nampa etc. Irr. Dist.,* 19 Ida. 779, 115 Pac. 979; *Pioneer Irr. Dist. v. Walker,* 20 Ida. 605, 119 Pac. 304, and *Elliott v. McCrea,* 23 Ida. 524, 130 Pac. 785.)

The district having been created in accordance with statute, and being an existing public corporation under the law, constituted notice to every person who owned land within the district of the boundaries thereof, and that his lands constituted a part of the district and were subject to any bond issue made by the district for its use and benefit. After a municipal or public corporation has once been formed, it is no longer necessary to incorporate the description of property within that district in any notice issued by or in the name of the corporation, especially where the proceeding relates to and affects all the property within the district alike. Sec. 2402, Rev. Codes, provides for the notice that was issued in this case, and, among other things, says: "The notice shall state the time and place fixed for the hearing of the petition, and the prayer of the petition, and that any person interested in the subject matter of said petition may, on or before the day fixed for the hearing thereof, demur to or answer said petition." We think the notice in this case complied with the statute and was sufficient to apprise every property owner of the proceeding and to bind him thereby.

The irrigation statute of California is very similar to ours in this respect; and this identical question was considered by the supreme court in *Fogg v. Perris Irr. Dist.*, 154 Cal. 209, 97 Pac. 316, and the court held a notice like the one given in the case at bar sufficient, and in discussing the question said:

"The proceedings for the organization of the district, as we have seen, were regular on the face of the record. The district thereby became *prima facie* a *quasi*-municipal corporation, with defined boundaries established and recorded, and this record constituted constructive notice of the location of the boundary lines to all the inhabitants of the district and to the world. The existence of the Perris Irrigation District and the location of its boundaries being matters of record, the statement in the notice that the petition was for the purpose of confirming the proceedings for the sale of the bonds of the Perris Irrigation District was sufficient to inform any owner of lands situated in the district that his lands would be affected, and that he was interested in the matter to be adjudicated. It was equivalent to a declaration that the lands in the Perris Irrigation District would be affected, and any land owner could, by reference to the official records of his county, ascertain whether or not his land was included therein. The name of the district, it having by that name a *prima facie* legal existence as such, evidenced in the manner prescribed by law by the necessary official record of the proceedings and order upon which it was declared organized, was a sufficient identification of its boundaries. It constituted a *prima facie* political subdivision of the state for the purposes of an irrigation district, and all persons were required to take notice of the facts shown in the record of its organization."

The judgment in this case should be affirmed, and it is so ordered. Costs are awarded in favor of respondent.

Sullivan and Stewart, JJ., concur.